IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VIRGINIA DEANNE WALSH,**

    **Plaintiff,**

v.                                                                                                                           **Civil Action No. 3:18cv292**

**GREATER RICHMOND ASSOCIATION
FOR RETARDED CITIZENS, *et al.*,**

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' Greater Richmond Association for Retarded Citizens ("GRARC"), John Walker, and Charles Story, III's (collectively, "Defendants") Partial Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss"). (ECF No. 7.) Plaintiff Virginia Walsh responded, (ECF No. 11), and Defendants replied, (ECF No. 12). This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331.[1] For the reasons that follow, the Court will deny the Motion to Dismiss.

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint alleges that Defendants violated Walsh's rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* (the "FMLA").

# I. Factual and Procedural Background[2]

## A. Procedural Background

On May 1, 2018, Walsh filed a two-count Complaint against Defendants in this Court. (Compl. 9, 11, ECF No. 1.) In Count One, she claims disparate treatment by GRARC, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"). Count Two alleges wrongful termination against all Defendants, in violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* (the "FMLA").[3] On May 23, 2018, Defendants filed the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1),[4] seeking dismissal of Count One for failure to exhaust administrative remedies.

## B. Walsh's Employment Background

Walsh's claims arise from the termination of her employment with GRARC. She began working with GRARC in April 2012 and GRARC terminated her employment on September 20, 2016. Throughout her tenure with GRARC, Walsh "received positive performance evaluations, promotions, and increases to her annual salary." (Compl. ¶ 19, ECF No. 1.) Walsh claims that "[h]er superiors were uniformly pleased with her performance." (*Id.*)

In 2015, Walsh became the step-mother to a five-year-old girl, M, who had been the victim of sexual abuse and required treatment for post-traumatic stress disorder. Due to M's diagnosis, Walsh required "intermittent leave from work to care for M and allow M to receive

---

[2] For purposes of the Motion to Dismiss, the Court will assume the well-pleaded factual allegations in the Counterclaim to be true and will view them in the light most favorable to Walsh. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

[3] Defendants do not challenge Count Two in the Motion to Dismiss. On May 23, 2018, Defendants filed an Answer regarding Count Two and the other allegations set forth in the Complaint. (*See* Answer, ECF No. 10.)

[4] "[A] party may assert the following defense[ ] by motion: (1) lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

the medical treatment necessary." (*Id.* ¶ 26.) Specifically, M required "weekly treatment sessions with a therapist . . . between August 17, 2015 and September 26, 2016." (*Id.* ¶ 28.) Because the 37 therapy sessions took place at 4:00 p.m., Walsh was "absent from work for a few hours on the day[s] of the treatment." (*Id.* ¶ 29, 30.)

In July 2015, Walsh informed her supervisors[5] of her family's situation. She states that "[b]oth managers seemed very supportive and understanding and expressed to Walsh that they understood the emotional impact such a traumatic event would have on M and her family." (*Id.* ¶ 25.) She also asserts that she "kept her supervisors . . . informed of M's treatment and the fact that Walsh would need to leave early approximately once a week." (*Id.* ¶ 27.)

A year later, in July 2016, "Defendants suddenly put Walsh on a Performance Improvement Plan." (*Id.* ¶ 32.) But during an August 26, 2016 meeting, the next month, Walsh alleges that she received positive feedback from Story, the Vice President of GRARC's Human Resources. On September 20, 2016, less than one month after the meeting with Story, GRARC terminated Walsh's employment. During the September 20, 2016 meeting in which she was terminated, Story told Walsh: "'This doesn't have anything to do with you taking time off,' or words to that effect." (*Id.* ¶ 34 (quoting Story).) Walsh states that Walker agreed, saying, "that is correct." (*Id.* (quoting Walker).) According to Walsh, Defendants maintained that GRARC "had decided to make a change and that her leadership skills were not sufficient." (*Id.* ¶ 35.) Walsh maintains that she was terminated "because of [her] role as caretaker of her disabled daughter and because she had been taking intermittent FMLA leave." (*Id.* ¶ 38.)

---

[5] Walsh identifies these supervisors as John Walker, CEO of GRARC, and Demis Stewart, GRARC Vice President.

## C. EEOC Filing

On July 13, 2017, following her termination, Walsh, through the same counsel currently representing her, timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"). On July 25, 2017, the EEOC contacted Walsh's counsel to request a telephonic interview with Walsh. On July 27, 2017, the EEOC interviewed Walsh via a conference call which included Walsh, representatives of the EEOC, and Walsh's counsel.

On August 8, 2017, two weeks after Walsh's EEOC interview, the EEOC issued Walsh's right-to-sue letter[6] (the "EEOC Notice" or "Notice"). Walsh maintains that neither she nor her counsel knew that the EEOC sent the EEOC Notice. Walsh asserts that the EEOC failed to send her or her counsel the EEOC Notice, and that neither ever received it.

Walsh claims that she first learned that the EEOC issued its Notice nearly eight months after the EEOC says it sent the EEOC Notice, during an April 4, 2018 telephone call between an EEOC investigator and Walsh's counsel.[7] During a second phone call three days later, this time

---

[6] A right-to-sue letter, EEOC Form 161, informs the employee of the reason the EEOC declined to proceed against the offending employer and a "Notice of Suit Rights" section, which informs the petitioner of her or his right to bring suit against the offending employer. U.S. EQUAL EMP'T OPPORTUNITY COMM'N, EEOC FORM 161: DISMISSAL AND NOTICE OF RIGHTS (2009), https://www.eeoc.gov/eeoc/foia/forms/upload/form_161.pdf.
    Walsh did not attach a copy of the EEOC Notice to her Complaint, but Defendants attached it as an exhibit to the Memorandum in Support of the Motion to Dismiss. (Mem. Supp. Mot. Dismiss Ex. 2 "EEOC Notice 1," ECF No. 8-2.) The Court may consider the EEOC Notice as a "document[] central to plaintiff's claim[] and [a] document[] sufficiently referred to in the complaint" because Walsh does not dispute the authenticity of the EEOC Notice. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006).

[7] The Complaint does not specify how the April 4, 2018 conversation between Walsh's counsel and the EEOC investigator began. Even if counsel for Walsh initiated this conversation with the EEOC, he did so nearly nine months after Walsh, through the same counsel, filed her EEOC Complaint. The Court cannot ascertain why Walsh waited nearly three months beyond the 180-day deadline to contact the EEOC regarding the status of her EEOC Complaint. 42 U.S.C. § 2000e-5(f)(1).

between the EEOC Director for the Richmond office and Walsh's counsel, Walsh learned "that the EEOC was looking into whether it could issue a new" right-to-sue letter. (*Id.* ¶ 8e.) As of the May 1, 2018 filing date of her Complaint, Walsh states that "[n]either [Walsh] nor her counsel has heard anything else on the matter from the EEOC."[8] (*Id.* ¶ 8f.)

## II. Applicable Legal Standards

### A. Standard of Review: Rule 12(b)(6) Standard[9]

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

---

[8] In her response to the Motion to Dismiss, Walsh adds that "[o]n May 2, 2018, the EEOC notified Walsh's counsel that it would not reissue the" Walsh's EEOC Notice. (Resp. 6, ECF No. 11.)

[9] Defendants bring their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), which states that "a party may assert the following defense[] by motion: (1) lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Because Rule 12(b)(6) provides the proper standard of review, the Court will construe the Motion to Dismiss under Rule 12(b)(6).
 The Supreme Court of the United States has held that the "timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc. Indep. Fed'n of Flight Attendants*, 455 U.S. 385, 393 (1982).
 Courts have interpreted *Zipes* to apply to the requirement that a plaintiff timely file suit in district court following receipt of a right-to-sue letter from the EEOC. *See, e.g., Scott v. Hampton City Sch. Bd.*, No. 4:14cv128, 2015 WL 1917012, at *1 (E.D. Va. Apr. 27, 2015). For this reason, the Court will construe the Motion to Dismiss under the appropriate Rule 12(b)(6) standard. *See id.* at *2 n.1 (explaining that when deciding a motion to dismiss alleging that the plaintiff failed to timely file suit after receiving a right-to-sue letter from the EEOC, the court must construe the motion to dismiss under the Rule 12(b)(6) standard as opposed to the Rule 12(b)(1) standard); *c.f. Staudner v. Robinson Aviation, Inc., et al.*, No. 17-1928 (4th Cir. Dec. 7, 2018) (finding that the requirement that a plaintiff exhaust her or his administrative remedies prior to bringing suit pursuant to 29 U.S.C. § 185(a) does not affect the district court's jurisdiction to hear the suit). Accordingly, the Court will evaluate the Motion to Dismiss under Rule 12(b)(6). *See Scott*, 2015 WIL 1917012, at *1.

allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those that "show" a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2)). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

### B. Effects of Extrinsic Documents

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*,

149 F.3d 253, 260–61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted). "[I]n the event of conflict between the bare allegations of the complaint and any attached exhibit . . . , the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

### C. Process of Filing Suit After Receipt of a Right-to-Sue Letter from the EEOC

If within 180 days after a petitioner files a charge with the EEOC, the EEOC has not filed a civil action against the offending employer (or entered into a conciliation agreement, among the EEOC, the offending employer, and the petitioner), the EEOC must notify the petitioner. *See* 42 U.S.C. 2000e-5(f)(1).[10] The petitioner must file suit within 90 days of receipt of the notice.[11] *Id.*

---

[10] The statute states, in relevant part:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge[,] . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . .

42 U.S.C.A. § 2000e-5(f)(1). The notice the EEOC must send, EEOC Form 161, includes the right-to-sue letter, which the EEOC may validly issue prior to the expiration of the 180-day period. *Marston v. AT&T Corp.*, 210 F.R.D. 573, 577 (E.D.Va. 2002) (upholding the constitutionality of the regulation allowing the EEOC to issue a right-to-sue letter prior to the expiration of 180 days).

[11] EEOC Form 161, entitled "Dismissal and Notice of Rights," states the reason or reasons why the EEOC closed its file into the petitioner's charge without taking action against

Courts in the Fourth Circuit must strictly construe the 90-day time limit in which a plaintiff must file suit following receipt of a right-to-sue letter. *Lewis v. Norfolk Southern Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2013) (citing *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987); *Boyce v. Fleet Finance Inc.*, 802 F.Supp. 1404 (E.D.Va.1992)). The time limit begins when either the plaintiff or the plaintiff's attorney receives the right-to-sue letter. *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 93 (1990).

"When the date that a potential plaintiff received actual notice of right to sue is disputed or unknown, [Federal Rule of Civil Procedure] 6(e)[12] creates the presumption that notice was received three days after it was mailed." *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 796–97 (E.D. Va. 2007) (citing *Nguyen v. Inova Alexandria Hosp.*, No. 98-2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999)). A plaintiff may rebut this presumption with contrary evidence. *Scott*, 2015 WL 1917012 at *3 (citing *Nguyen*, 1999 WL 556446 at *3).

If the Court finds that the plaintiff filed his or her complaint more than 90 days after receipt of the right-to-sue letter, it must determine whether equitable tolling applies. *See Harvey*, 813 F.2d at 654. Equitable tolling "is 'reserved for those rare instances where—due to

---

the offending employer and includes a "Notice of Suit Rights." U.S. EQUAL EMP'T OPPORTUNITY COMM'N, EEOC FORM 161: DISMISSAL AND NOTICE OF RIGHTS. The Notice of Suit Rights included on form 161 states, in relevant part:

> [T]he Americans with Disabilities Act . . . This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> from your receipt of this Notice**; or your right to sue based on this charge will be lost.

*Id.* (bold in original).

[12] The current version of the three-day presumption exists in Federal Rule of Civil Procedure 6(d), see *Scott*, 2015 WL 1917012 at *3 n.3, which states that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C)(mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)," Fed. R. Civ. P. 6(d).

circumstances external to a party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Lake v. Capital One Bank, N.A.*, No. 1:11-cv-1342, 2012 WL 12973539, at *2 (E.D.Va. June 28, 2012) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); citing *Irwin*, 498 U.S. at 96). For equitable tolling to apply, the plaintiff must show: "(1) extraordinary circumstances, (2) beyond [her or] his control or external to [her or] his own conduct, (3) that prevented [her or] him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse*, 339 F.3d at 246). The Supreme Court has cautioned against the expanded use of the equitable tolling doctrine, stating that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

### III. Analysis: Walsh Plausibly Alleges that She Did Not Receive the Right-to-Sue Letter

Accepting all well-pleaded allegations in the complaint as true and viewing the Complaint in the light most favorable to the Walsh, the Court concludes that Walsh plausibly alleges that neither she nor her counsel received the EEOC Notice. *Mylan Labs., Inc.*, 7 F.3d at 1134.

Courts in the Fourth Circuit have applied a rebuttable presumption that the plaintiff received the right-to-sue letter three days after it was mailed "[w]hen the date that a potential plaintiff received actual notice of right to sue is disputed or unknown." *Panyanouvong*, 525 F. Supp. 2d at 796–97 (citing *Nguyen*, 1999 W: 556446 at *3); *Scott*, 2015 WL 1917012 at *3 (citing *Nguyen*, 1999 WL 556446 at *3). Here, a clear dispute exists as to when, or if, Walsh received the EEOC Notice. To rebut this presumption, a plaintiff must present contrary

evidence. *Scott*, 2015 WL 1917012 at *3 (citing *Nguyen*, 1999 WL 556446 at *3). Walsh seeks to do so.

Although Walsh's EEOC Notice bears a date stamp saying "AUG -8 2017" above a printed line marked "(*Date Mailed*)," nothing before the Court shows the EEOC *actually mailed* Walsh's EEOC Notice to Walsh or her counsel on that date, or any other date. (EEOC Notice 1.) Walsh does not dispute that this date appears on the EEOC Notice, but she claims[13] that neither she nor her counsel received it.[14] The date stamp on the EEOC Notice does not prove that the

---

[13] Walsh and her counsel submitted declarations, signed under penalty of perjury, stating that they did not receive the EEOC Notice. (Resp., Ex. 3 "Walsh Declaration" ¶ 8, ECF No. 11-3; Ex. 4 "Schulte Declaration" ¶¶ 6–7, 11, ECF No. 11-4.) Because the declarations submitted in this case are not "official public records, documents central to the plaintiff's claim, [or] documents sufficiently referred to in the complaint" the Court may not consider them without construing the Motion to Dismiss as a motion for summary judgment. *See Witthohn*, 164 F. App'x at 396–97.

While some courts have considered such declarations and converted a motion to dismiss into a motion for summary judgment, the Court declines to do so here because of the lack of a fully developed factual record before the Court. *See Schmidt v. Town of Cheverly, Md.*, No. GJH-13-3282, 2014 WL 4799039, at *4, *9 (D.Md. Sept. 25, 2014); *see cf Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 694 (D.Md. 2017); *but see Hilton v. Bedford Paving, LLC*, 769 F. Supp. 2d 92, 96, 99 (W.D.N.Y. 2010). Also, even without Walsh or her counsel's sworn affidavits, Walsh's allegations survive a challenge under the Rule 12(b)(6) motion to dismiss currently before the Court.

[14] In addition to her declaration and the declaration of her counsel, Walsh also attaches an email from the EEOC (Resp. Ex. 1 "EEOC Email", ECF No. 11-1), a letter from Defendants' counsel to the EEOC (Resp. Ex. 2, ECF No. 11-2), and a provision of the EEOC Compliance Manual (Resp. Ex. 5, ECF No. 11-5) to her Response to the Motion to Dismiss. The parties dispute the inferences that the Court may draw from these exhibits.

For instance, Walsh attaches the EEOC Email in support of her contention that the EEOC notified her counsel that it would not reissue Walsh's EEOC Notice. Defendants, on the other hand, assert that the EEOC Email supports their contention that the Rule 6(d) receipt presumption applies because in that email the EEOC confirms that Walsh's EEOC Notice was sent to the correct address "in accordance with CFR 1601.19(a)." (Reply 1 (quoting EEOC Email 1).) But Walsh also notes that the EEOC Compliance Manual required the EEOC to send Walsh's EEOC Notice to her via certified mail. *See* EEOC COMPLIANCE MANUAL § 4.2 (1996). Defendants do not respond to this assertion or offer any evidence showing that the EEOC used certified mail. Disputes as to the weight afforded to such pieces of evidence are best evaluated on a complete and well-developed factual record, not on a Rule 12(b)(6) motion to dismiss.

EEOC mailed Walsh's EEOC Notice on that date. At this stage of the proceedings, the Court must accept as true that Walsh and her counsel first learned of the issuance of her EEOC Notice during an April 4, 2018 phone call between an EEOC investigator and Walsh's counsel. Walsh filed suit on May 1, 2018, twenty-seven days after learning of the EEOC Notice.

Defendants maintain that the Court must apply the Rule 6(d) presumption that Walsh received the EEOC Notice three days after it was sent and find that Walsh received her EEOC Notice on August 11, 2007. Under this presumption, Walsh did not file her Complaint until 266 days after she received the EEOC Notice. But Rule 12(b)(6)'s permissive standard does not allow this argument to prevail.

The Court must presume the truth of all Walsh's well-pleaded allegations. *Mylan Labs., Inc.*, 7 F.3d at 1134. Walsh claims that neither she nor her attorney received the EEOC Notice. Defendants rely solely on the presumption that that Walsh received the EEOC Notice on August 11, 2017, without presenting any evidence that the EEOC *actually mailed* Walsh's EEOC Notice on August 8, 2017.[15] Accepting Walsh's well-pleaded allegations as true, the Court finds that Walsh plausibly alleges a claim that overcomes the Rule 6(d) three-day presumption.[16] The Court will deny the Motion to Dismiss.

---

[15] At this procedural posture the Court may consider only "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [whose] . . . authenticity . . . is not disputed" without converting the Motion to Dismiss into a motion for summary judgment. *Witthohn*, 164 F. App'x at 396–97 (citations omitted). Both Walsh and Defendants submit evidence that does not meet this standard. The Court has not considered the proffered evidence.

[16] Because the Court finds that Walsh has plausibly alleged facts sufficient to show that she did not receive the EEOC Notice, the Court need not determine whether equitable tolling applies to the facts of Walsh's case at this early stage. After developing the factual record, should the parties so choose, they may raise on summary judgment or at trial the issues of: (1) the applicability of the Rule 6(d) three-day presumption; and, (2) the applicability or effect of equitable tolling to the facts of Walsh's case.

## IV. Conclusion

Construing the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)'s applicable standard, the Court will deny the Motion to Dismiss.

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 12/14/2018
Richmond, Virginia